UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-290
(3:06-cr-50)

| | |
|---|---|
| ANTONIO NAVARRO HOWIE ) | |
| ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| _____) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, as supplemented, pursuant to 28 U.S.C. § 2255, (Doc. Nos. 1, 2); Petitioner's Motion to Amend, (Doc. No. 9); and the Government's Motion to Dismiss, (Doc. No. 19). This matter arose in the wake of Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010), and was stayed pending the resolution of Whiteside v. United States, 775 F.3d 180, 183 (4th Cir. 2014) (en banc). The time has expired for Petitioner to respond to the Government's Motion to Dismiss filed following Whiteside. For the reasons that follow, Petitioner's § 2255 motion, as supplemented, will be dismissed.

I. BACKGROUND

On March 2, 2006, Petitioner was indicted with two others for possessing a firearm as a felon, and aiding and abetting, in violation of 18 U.S.C. §§ 922(g)(1) and 2, (Count One); conspiring to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951, (Count Two); committing Hobbs Act robbery, and aiding and abetting, in violation of 18 U.S.C. §§ 1951 and 2, (Count Three); and using and carrying a firearm during and in relation to a federal crime of violence, or possessing a firearm in furtherance of such crime, and aiding and abetting, in violation of 18 U.S.C. §§ 924(c) and 2, (Count Four). (Case No. 3:06-cr-50, Doc. No. 1:

1

Indictment).

After his Motion to Suppress was denied, (Id., Doc. No. 28; Oral Order, May 5, 2006), Petitioner filed a Plea Agreement in which he agreed to plead guilty to Counts Two and Four in exchange for the Government's dismissal of Counts One and Three. (Id., Doc. No. 42 at 1). Petitioner admitted his conduct involved brandishing a gun to further a gas station robbery. (Id. at 1). He also agreed to waive his right to appeal his conviction or sentence, or to contest them on collateral review in a § 2255 proceeding, except for claims of prosecutorial misconduct and/or ineffective assistance of counsel. (Id. at 5). Petitioner entered his plea under oath on June 12, 2006, before a magistrate judge, who found that the plea was knowingly and voluntarily entered. (Id., Doc. No. 46: Acceptance and Entry of Guilty Plea).

The Presentence Report ("PSR") identified a North Carolina conviction for larceny from the person for which Petitioner was sentenced to a suspended term of 5-6 months and probation. (Id., Doc. No. 121: PSR ¶ 30). The report also detailed Petitioner's North Carolina conviction for selling cocaine for which he was sentenced to a suspended term of 12-15 months and probation. (Id., Doc. No. 121: PSR ¶ 31). As a result, he was determined to be a career offender pursuant to USSG §4B1.1, to which Petitioner did not object. (Id., Doc. No. 121: PSR ¶¶ 26, 31, 36). At the sentencing hearing, the Court departed downward from the advisory guideline range of 262-327 months' imprisonment based on a finding that the career offender guideline called for a sentence greater than necessary to achieve the purposes of sentencing in 18 U.S.C. § 3553(a), (Id., Doc. No. 65: Statement of Reasons at 2), and sentenced Petitioner to 154 months' imprisonment on Count Two and 84 consecutive months on Count Four. (Id., Doc. No. 64: Judgment at 2).

Petitioner did not file a direct appeal of the Judgment entered on April 3, 2007, but rather filed the instant § 2255 motion on June 13, 2011, stating one ground for relief: that neither of his North Carolina convictions subjected him to a term of imprisonment in excess of one year; therefore, he was not a career offender under USSG §4B1.1.[1] (Doc. No. 1 at 5). Petitioner claimed his motion was timely because it was filed within a year of the Supreme Court's decision in Carachuri-Rosendo. (Id. at 13).

After the Fourth Circuit issued its decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), this district began appointing counsel to defendants who might have a claim for relief. (Case No. 3:12-mc-92: Order). On July 26, 2013, counsel was allowed to withdraw upon declaration of intent not to file a supplemental motion on Petitioner's behalf. (Doc. No. 7: Motion; Doc. No. 8: Order). This case had been stayed pending developments in the Simmons line of cases. (Doc. No. 17). After the Fourth Circuit issued its en banc decision in Whiteside, the Court ordered the Government to answer, the Government moved to dismiss based on the statute of limitations and the Plea Agreement's collateral attack waiver, and the defendant had the opportunity to respond. (Doc. No. 18: Order; Doc. No. 19: Motion). The matter is now ripe for disposition.

II.     STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any

---

[1] The Court allowed Petitioner to supplement his original motion with a reference to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), which had been subsequently decided. (Doc. No. 2: Motion; Text-only Order, Dec. 6, 2011).

3

relief. The Court has considered the record in this matter, and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III. DISCUSSION

    A. Timeliness

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Petitioner's Judgment became final on or about April 13, 2007. See Fed. R. App. P. 4(b)(1)(A) (applying pre-2009 ten day limit to appeal); Clay v. United States, 537 U.S. 522, 525 (2003) (judgment becomes final when time to seek review expires). As detailed above, Petitioner pro se contends this action is timely under § 2255(f)(3) because it was filed within one year of the Supreme Court's opinion in Carachuri-Rosendo. That decision, however, is not retroactive to

4

cases on collateral review. United States v. Powell, 691 F.3d 554, 559-60 (4th Cir. 2012). Petitioner's reliance on Simmons for retroactivity is also misplaced. (Doc. No. 2: Supplement at 3). The Fourth Circuit's en banc decision in Whiteside makes it clear that Petitioner's § 2255 motion, as supplemented, is indeed untimely and cannot be saved by equitable tolling. In that case, as in this one, the § 2255 motion challenging career offender predicates was filed years after the Judgment became final and nothing prevented Petitioner from filing within the statute of limitations, which the Government asserts as a defense in this case. Whiteside, 775 F.3d at 183-187 (noting that Simmons does not represent a "fact" under § 2255(f)(4); rejecting equitable tolling and noting many defendants raised challenges prior to Simmons "asserting the exact same substantive claim . . . including [Jason] Simmons himself") (collecting cases).[2]

B. Waiver

The Government cites the Plea Agreement's waiver of Petitioner's right to collaterally attack his sentence in a § 2255 proceeding. (Doc. No. 19: Response at 4-5). It is beyond question that "a criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Petitioner has not challenged the finding that his plea, with included waiver, was knowing and voluntary. Accordingly, the Government is entitled to enforcement of Petitioner's waiver of his claim for relief under Simmons. See United States v. Jones, 549 F. App'x 219 (4th Cir. 2014) (claims based on Simmons were within scope of waiver).

---

[2] Simmons, who was sentenced in this district, unsuccessfully raised this type of claim on April 23, 2008, prior to sentencing. (Case No. 1:07-cr-77, Doc. No. 33 at 4-6).

5

C. Motion to Amend

Finally, Petitioner seeks to amend his § 2255 motion to include a claim for relief based on <u>Alleyne v. United States</u>, 133 S. Ct. 2151, 2160 n.1 (2013), in which the Supreme Court held that any fact that increases a mandatory-minimum sentence is an element of the offense, and, therefore, must be found by a jury beyond a reasonable doubt or admitted by the defendant. Here, Petitioner is not entitled to relief because <u>Alleyne</u> has not been made retroactively applicable to cases on collateral review. See <u>Jeanty v. Warden</u>, 757 F.3d 1283, 1285-86 (11th Cir. 2014) (collecting cases). Second, Petitioner admitted in his Plea Agreement that he brandished a firearm during the robbery, which is the fact triggering the mandatory-minimum sentence of 7 years' imprisonment under 18 U.S.C. §924(c)(1)(A)(ii). (Case No. 3:06-cr-50, Doc. No. 42 at 1). Accordingly, Petitioner's motion to amend will be denied as futile.

IV. CONCLUSION

Based on the foregoing, the Court finds that Petitioner has failed to present any meritorious claims for relief and this action will be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's Motion to Dismiss, (Doc. No. 19), is **GRANTED**;

2. Respondent's Motion for Extension of Time, (Doc. No. 20), is **GRANTED**;

3. Petitioner's Motion to Appoint Counsel, (Doc. No. 3), is **DENIED as moot**;

4. Petitioner's Motion to Amend, (Doc. No. 9), is **DENIED**;

5. Petitioner's Motion for Entry of Default, (Doc. No. 21), is **DENIED**, and

5. Petitioner's § 2255 motion, as supplemented, (Doc. Nos. 1, 2), is **DENIED** and **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: March 30, 2015

Robert J. Conrad, Jr.
United States District Judge