| | | |
|---|---|---|
| **ANTONIO NAVARRO HOWIE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), in which he raises a claim pursuant to <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015), and on the Government's Motion to Dismiss the § 2255 Motion to Vacate, (Doc. No. 7).

## I.      BACKGROUND

Petitioner was indicted in the underlying criminal case for: Counts (1) and (5), possession of a firearm and ammunition by a convicted felon (larceny from the person and sale of cocaine) (18 U.S.C. §§ 922(g)(1) and 2); Count (2), Hobbs Act conspiracy (18 U.S.C. § 1951(b)(3)); Count (3), Hobbs Act robbery and aiding and abetting the same (18 U.S.C. §§ 1951 and 2); and Count (4), using and carrying a firearm in furtherance of a crime of violence, "that is, the violation of Title 18, United States Code 1951 set forth in Count Three," and aiding and abetting the same (18 U.S.C. § 924(c) and 2). (3:06-cr-50, Doc. No. 1 at 3).

After Petitioner's Motion to Suppress was denied, Petitioner pled guilty to Counts (2) and (4) in exchange for the Government's dismissal of the remaining counts. (<u>Id.</u>, Doc. No. 42); see

(Id., Doc. No. 28); (Id., Oral Order, May 5, 2006). The written Plea Agreement acknowledges that

Petitioner "is in fact guilty as charged in those counts" in that:

> On November 13, 2005, the defendant, along with Grandon Parks and Quedolthius Jones, did rob the Petro Express gas station and convenience store located at 7208 East Independence Blvd., Charlotte, N.C. The defendant further admits that, during the robbery, a firearm was knowingly utilized, and brandished to further the robbery, including but not limited to, intimidating, threatening, and forcing the manager of the store to turn over all of the store's money. The defendant admits to helping plan and carry out the robbery knowing full well all the details of said robbery, including but not limited to, the utilization of the firearm to aid and further the crime.

(Id., Doc. No. 42 at 1).

Petitioner acknowledged his sentencing exposure and the parties stipulated that they would

recommend that the Court find that the base offense level is 18 per 2B3.2(a), that two levels are

added for threat of injury 2B3.2(b)(1), that five levels are added for brandishing a firearm

2B3.2(b)93), and two more levels are added for physical restraint 2B3.2(b), resulting in an adjusted

offense level of 27. (Id., Doc. No. 42 at 2). The Government agreed not to oppose a three-level

reduction for acceptance of responsibility. The parties acknowledged that, notwithstanding any

recommendations in the plea agreement with regards to offense level, a career offender

enhancement may be used in determining Petitioner's sentence. (Id., Doc. No. 42 at 3). "Should

such a statutory minimum sentence apply, the Court shall impose a sentence no lower than that

statutory minimum." (Id.).

The Plea Agreement states that Petitioner acknowledged the rights he was waiving by

pleading guilty, including the right to be tried by a jury, to be assisted by an attorney at trial, to

confront and cross-examine witnesses, and not to be compelled to incriminate himself. (Id., Doc.

No. 4-5). Petitioner and counsel discussed his rights to appeal and to seek post-conviction relief

and Petitioner specifically waived both rights except for claims of ineffective assistance of counsel and prosecutorial misconduct. (Id., Doc. No. 42 at 5).

At the Rule 11 hearing, the Magistrate Judge summarized the charges as follows:

THE COURT: … The indictment against Mr. Howie is begun by an introductory allegation that at all times material to the indictment, Petro Xpress, located at 7208 East Independence Boulevard in Charlotte, was a business engaged in commercial activities within the Western District of North Carolina and elsewhere; specifically the sale of gasoline and alcohol which activities affected interstate commerce.

Now, with that background it's alleged that on or about a specific date, November 13th, 2005, in Mecklenburg County, North Carolina, that Mr. Howie knowingly and unlawfully conspired with two other individuals, and perhaps others known and unknown to the grand jury, to obstruct, delay and affect commerce, as that term is defined in Title 18, U.S. Code, Section 1951(b)(3) of this business engaged in the sale of products affecting interstate commerce.

The charged co-conspirators in addition to Mr. Howie would be Grandon Martinez Parks and Quedolthius Miguel Jones.

The overt act in the furtherance of the conspiracy are acts alleged to be a robbery, an attempted robbery of the Petro Xpress at the previously stated address.

Count Four alleges that on or about November 13th, 2005, in connection with this robbery, that a firearm, specifically a .40 caliber Smith & Wesson Sigma semiautomatic pistol and ammunition were used and carried in furtherance of this and possessed in connection with this robbery.

(Id., Doc. No. 131 at 6).

Petitioner acknowledged under oath that he was entering the plea knowingly and voluntarily and agreed to the Plea Agreement's terms. (Id., Doc. No. 131 at 22).

The Presentence Investigation Report ("PSR") calculated the base offense level of 20 for a violation of § 1951(b)(3) pursuant to U.S. Sentencing Guidelines § 2B3.1 (Id., Doc. No. 121 at ¶ 15). The PSR did not include an enhancement for brandishing but did add two levels because two victims were physically restrained to facilitate the commission of the robbery. (Id., Doc. No. 121 at ¶¶ 16-17). The adjusted total offense level was 22. (Id., Doc. No. 121 at ¶ 21).

However, Petitioner qualifies as a career offender based on larceny from the person (02CRS224463 NC law) and "sell cocaine" (02CRS257389 NC law), and the instant offense "involves Conspiracy to Obstruct, Delay an Affect Interstate Commerce by Robbery" and Petitioner was 18 or older at the time of its commission per 4B1.1, and the offense level is 32. (Id., Doc. No. 121 at ¶ 22). Three levels were deducted for acceptance of responsibility resulting in a total offense level of 29. (Id., Doc. No. 121 at ¶¶ 22-24). The guideline sentence for the § 924(c) offense is the minimum term of imprisonment required by statute. (Id., Doc. No. 121 at ¶¶ 25-27).

Petitioner had four criminal history points and two more points were added because Petitioner was on unsupervised release at the time this offense was committed. This resulted in a total of six criminal history points and a criminal history category of III, however, the criminal history category for a career offender is VI. (Id., Doc. No. 121 at ¶¶ 34-36). The resulting advisory guidelines range was 262 to 327 months' imprisonment followed by a total of three to five years of supervised release. (Id., Doc. No. 121 at ¶¶ 54, 57). Petitioner sought a variance because of his youth, work history, and intellectual abilities. See (Id., Doc. No. 121 at ¶ 68).

The Court vaired downward from the advisory guideline range based on a finding that the career offender guideline called for a sentence greater than necessary to achieve the purpose of sentencing pursuant to 18 U.S.C. § 3553(a), (Id., Doc. No. 65), and sentenced Petitioner to a total of 238 months' imprisonment, consisting of 154 months for Count (2) and 84 months for Count (4), consecutive, followed by three years of supervised release. (Id., Doc. No. 121 at ¶ 64). Petitioner did not appeal, however, he filed a *pro se* Rule 60(b) Motion for Relief from Judgment asking the Court to reconsider its decision not to depart downward from the advisory guideline range, which the Court denied as untimely and meritless. (Id., Doc. No. 106); United States v. Howie, 2009 WL 1165432 (W.D.N.C. April 27, 2009).

Petitioner filed a *pro se* § 2255 Motion to Vacate on June 13, 2011, case number 3:11-cv-290. Petitioner argued that he is not a career offender under USSG § 4B1.1 because neither of his North Carolina prior convictions subjected him to a term of imprisonment of more than one year pursuant to Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010). The Court allowed supplemental briefing in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (*en banc*), and stayed the case pending resolution of Whiteside v. United States, 775 F.3d 180 (4th Cir. 2014) (*en banc*). The Court dismissed and denied the § 2255 Motion to Vacate as time-barred and waived by the plea agreement, and denied Petitioner's Motion to Amend to raise a claim pursuant to Alleyne v. United States, 570 U.S. 387 (2013), as futile. Howie v. United States, 2015 WL 1457421 (W.D.N.C. March 30, 2015). The Fourth Circuit denied a certificate of appealability and dismissed Petitioner's appeal. United States v. Howie, 612 Fed. Appx. 690 (4th Cir. 2015).

Petitioner then filed a § 2241 habeas petition in South Carolina district court challenging his § 924(c) conviction in Count (4). The Court dismissed the petition without prejudice as an unauthorized successive § 2255 petition. Howie v. Warden, F.C.I. Estill, 2016 WL 9110354 (D.S.C. April 12, 2016), *report accepted*, 2017 WL 2482589 (D.S.C. June 8, 2017).

Petitioner filed the instant § 2255 Motion to Vacate through counsel on August 16, 2016 with authorization from the Fourth Circuit Court of Appeals. (Doc. Nos. 1, 1-1). He argues that, under Johnson, he does not qualify as a career offender and that his § 924(c) conviction is invalid. This action was stayed for several years pursuant to United States v. Ali, Fourth Cir. No. 15-4433, United States v. Simms, Fourth Cir. No. 15-4640, and United States v. Davis, Supreme Court No. 18-431. (Doc. Nos. 4, 6). The Supreme Court issued its decision in Davis on June 24, 2019. 139 S.Ct. 2319 (2019).

The Government has now filed a Motion to Dismiss, (Doc. No. 7), arguing that the § 2255 Motion to Vacate is waived, procedurally barred, and meritless. Specifically, the Government argues that Petitioner's voluntary waiver of his right to pursue post-conviction relief in the guilty plea is enforceable, that the challenge to the career offender sentence is foreclosed by precedent, and that the <u>Johnson</u> challenge to the § 924(c) conviction and sentence is meritless because that count is based on Hobbs Act robbery, which is a crime of violence. Further, these claims are procedurally defaulted because they could have been raised on direct appeal and Petitioner cannot demonstrate cause and prejudice or actual innocence.

Petitioner filed a Response, (Doc. No. 9), arguing that the <u>Shepard</u>-approved[1] documents do not conclusively establish that the § 924(c) conviction's predicate is Hobbs Act robbery. This ambiguity should be construed against the Government and the predicate should be considered the least severe offense which, in this case, is conspiracy to commit Hobbs Act robbery. Petitioner argues that neither Hobbs Act conspiracy, attempted Hobbs Act robbery, or aiding and abetting Hobbs Act robbery is a crime of violence, so Petitioner is actually innocent of that offense and his § 924(c) conviction is void. Petitioner argues that his plea waiver is unenforceable because there was no crime of violence, and therefore, no factual basis for the guilty plea and enforcing the plea's post-conviction waiver would be a miscarriage of justice. There is no procedural default because the indictment failed to state an offense, which is a jurisdictional defect that rendered the judgment void. Even if procedural default applies, Petitioner can demonstrate cause and prejudice because this claim is novel[2] and prejudiced him with a § 924(c) conviction and consecutive sentence, and he is also actually innocent of the sentence imposed.

---

[1] <u>Shepard v. United States</u>, 544 U.S. 13 (2005).
[2] Petitioner argues alternatively that, if the claim was not novel, counsel was ineffective for failing to raise it before the trial court or on direct appeal.

The Government filed a Reply arguing that there is no ambiguity and the record unambiguously reflects that the § 924(c) predicate is Hobbs Act robbery and, in any event, if the Court was to hold a hearing, it could consider any competent admissible evidence, not just Shepard documents, and that the Court could also draw on its own personal knowledge or recollection to resolve any relevant issues.

## II.    SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein.

After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

## (1)    Waiver

"[A] guilty plea constitutes a waiver of all nonjurisdictional defects, including the right to contest the factual merits of the charges." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993). Thus, after a guilty plea, a defendant may not "raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Blackledge v. Perry, 417

U.S. 21, 29-30 (1974). Rather, he is limited "to attacks on the voluntary and intelligent nature of the guilty plea, through proof that the advice received from counsel was not within the range of competence demanded of attorneys in criminal cases." Id. There are narrow exceptions to the enforceability of plea waivers such that "even a knowing and voluntary waiver of the right to appeal cannot bar the defendant from obtaining appellate review of certain claims" such as a sentence imposed in excess of the statutory maximum or a challenge to the validity of a guilty plea. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); see United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992).

Petitioner contends that his post-conviction waiver is unenforceable because he pled guilty to a non-existent offense over which Court lacked jurisdiction to sentence him, and therefore, the § 924(c) conviction and sentence are void. The Court need not address the validity and enforceability of the post-conviction waiver in Petitioner's guilty plea because his claims fail on the merits. See Section (3), *infra*.

**(2)** **Procedural Default**

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998) (internal citations omitted); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. See United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Mikalajunas, 186 F.3d 490, 492–93 (4th Cir. 1999); United States v. Maybeck, 23 F.3d 888, 891-92 (4th Cir. 1994).

To establish cause based upon ineffective assistance of counsel, a petitioner must show that the attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Murray v. Carrier, 477 U.S. 478, 488 (1986); Strickland v. Washington, 466 U.S. 668, 687 (1984). Cause for procedural default also exists "where a constitutional claim [was] so novel that its legal basis [was] not reasonably available to counsel." Reed v. Ross, 468 U.S. 1, 16 (1984). Actual prejudice is then shown by demonstrating that the error worked to petitioner's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray, 477 U.S. at 494). In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a petitioner must show actual innocence by clear and convincing evidence. See Murray, 477 U.S. at 496.

Petitioner argues that he did not raise the present claims on direct appeal because his Johnson/ Davis attack on the § 924(c) conviction and sentence is novel. Several courts have agreed with this position, finding that "no one—the government, the judge, or the [defendant]—could reasonably have anticipated Johnson." Cross v. United States, 892 F.3d 288, 295 (7th Cir. 2018) (quoting United States v. Snyder, 871 F.3d 1122, 1127 (10th Cir. 2017)); United States v. Redrick, 841 F.3d 478, 480 (D.C. Cir. 2016) (same); see also United States v. Goodridge, __ F.Supp.3d __, 2019 WL 3306956, at *5 (D. Mass. July 23, 2019); Carter v. United States, 2019 WL 4126074, at *5 (C.D. Ill. Aug. 29, 2019); Cabaase v. United States, __ F.Supp.3d __, 2019 WL 3842387, at *3 (E.D. Va. Aug. 14, 2019).

Assuming that Petitioner has demonstrated cause, his procedural default is not excused because he cannot show prejudice. The § 924(c) conviction is supported by an adequate factual basis and is not undermined by a novel legal theory. See Section (3), *infra*.

Petitioner similarly argues that he is actually innocent of his § 924(c) conviction and sentence because an intervening change in the law establishes that a petitioner has been convicted for conduct that is not prohibited by law. See Adams, 814 F.3d 183 (actual innocence of 922(g) violation where p showed it was impossible for the govt to prove one of the required elements of 922(g)(1) – that he was a convicted felon at the time of the offense under Simmons); Becerra-Perez v. United States, 2:16-cv-7046 (C.D. Cal. Feb. 15, 2017) (actually innocent of 924(c) due to vagueness). However, the record conclusively refuted Petitioner's claim of actual innocence, Section (3), *infra*, so the actual innocence exception does not except him from the procedural default bar.

Petitioner's claims are therefore procedurally defaulted from collateral review and are subject to dismissal.

**(3)    Merits**

Petitioner contends that he was improperly sentenced as a career offender[3] and that his § 924(c) conviction is invalid because his predicate offense of Hobbs Act robbery no longer qualifies as a crime of violence. Assuming *arguendo* that these claims were not waived and are not procedurally defaulted, they fail on the merits.

In Johnson, the United States Supreme Court announced that the Armed Career Criminal Act's ("ACCA") residual clause[4] is void for vagueness, which is a retroactively applicable right. Id.; Welch v. United States, 136 S.Ct. 1257, 1265 (2016).

---

[3] It appears that Petitioner has dropped the career offender challenge, however, it is briefly addressed here in an abundance of caution.

[4] ACCA defines a "violent felony" as any felony that: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another."* 18 U.S.C.A. § 924(e)(2)(B) (emphasis added). The italicized portion of the definition is referred to as the residual clause.

Petitioner's attempt to extend <u>Johnson</u> to his career offender sentence is squarely foreclosed by precedent because "the Guidelines are not amenable to a vagueness challenge." <u>Beckles v. United States</u>, 137 S.Ct. 886, 894 (2017).

Petitioner's challenge to his § 924(c) conviction and sentence is also foreclosed by precedent. Although the Supreme Court held in <u>Davis</u> that the residual clause in § 924(c)(3)(B) is unconstitutionally vague, that holding does not affect Petitioner's conviction because "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)." <u>United States v. Mathis</u>, 932 F.3d 242, 266 (4th Cir. 2019).

Petitioner's contention that the predicate offense for his § 924(c) conviction is ambiguous is conclusively refuted by the record. The Indictment charges in Count (4) that Petitioner violated § 924(c) by carrying and using a firearm in furtherance of a crime of violence, "that is, the violation of Title 18, United States Code 1951 set forth in Count Three…." (3:06-cr-50, Doc. No. 1 at 3). Petitioner knowingly and voluntarily pled guilty to Counts (2) and (4) and admitted that he "is in fact guilty as charged in those counts…." (<u>Id.</u>, Doc. No. 42 at 1). Petitioner unambiguously pled guilty to violating § 924(c) based on the predicate of Hobbs Act robbery and aiding and abetting that offense, as charged in Count (3). It is irrelevant that Count (3) was dismissed because § 924(c) only requires that he "may be" prosecuted for the predicate offense, no separate conviction is required. 18 U.S.C. § 924(c); <u>see</u> <u>United States v. Carter</u>, 300 F.3d 415 (4th Cir. 2002).

The Court rejects Petitioner's argument that aiding and abetting Hobbs Act robbery is not a crime of violence. Aiding and abetting "simply describes the way in which a defendant's conduct resulted in the violation of a particular law." <u>United States v. Alleyne</u>, 2019 WL 4307870 (E.D. Va. Sept. 11, 2019); <u>see</u> <u>United States v. Ashley</u>, 606 F.3d 135, 143 (4th Cir. 2010). Therefore, "the crime of Hobbs Act robbery itself and aiding and abetting that offense is a crime of violence under

[§ 924(c)'s] … Force Clause because it invariably requires the actual, attempted, or threatened use of physical force." Alleyne, 2019 WL 4307870 at *2 (citing Mathis, 932 F.3d at 242); accord United States v. Grissom, 760 Fed. Appx. 448, 454 (7th Cir. 2019) ("aiding and abetting is an alternative theory of liability for an offense, so one who aided and abetted robbery still committed that crime of violence"); United States v. Garcia-Ortiz, 904 F.3d 102, 109 (1st Cir. 2018) (an aider and abettor of Hobbs Act robbery is "no different for purposes of the categorical approach than one who commits the substantive offense"); Charlton v. United States, 725 Fed. Appx. 881 (11th Cir. 2018) (aiding and abetting Hobbs Act robbery categorically qualifies as a crime of violence under § 924(c)'s force clause); see also Kidd v. United States, 929 F.3d 578, 581 (8th Cir. 2019) (underlying conviction for aiding and abetting armed robbery of controlled substances categorically qualifies as a crime of violence pursuant to § 924(c)'s force clause "[b]ecause we treat an aider and abettor no differently than a principal.").

Petitioner's § 924(c) conviction and sentence are valid. Therefore, the Government's Motion to Dismiss will be granted and Petitioner's § 2255 Motion to Vacate will be dismissed and denied.

### IV. CONCLUSION

For the foregoing reasons, the Court will grant the Government's Motion to Dismiss and will dismiss and deny Petitioner's § 2255 Motion to Vacate.

**IT IS, THEREFORE, ORDERED that:**

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** and **DENIED**.

2. Respondent's Motion to Dismiss Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, (Doc. No. 7), is **GRANTED.**

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing

Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of

appealability.  See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338

(2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable

jurists would find the district court's assessment of the constitutional claims

debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is

denied on procedural grounds, a petitioner must establish both that the dispositive

procedural ruling is debatable and that the petition states a debatable claim of the

denial of a constitutional right).

Signed: September 27, 2019

Robert J. Conrad, Jr.
United States District Judge